# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG, SR., | CASE NO. 1:11-cv-00826-LJO-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| TULARE COUNTY KAWEAH DELTA DISTRICT HOSPITAL, et al., | (Doc. 1) |
| Defendants. | ORDER DENYING PENDING MOTION AS MOOT |
| / | (Doc. 2) |

## I. Procedural Background

Plaintiff Timothy Earl Hissong ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 20, 2011. (Doc. 1).

## II. Screening Order Complaint filed May 20, 2011

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

1

corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff's claim is that Tulare County "brought an illegal case against [Plaintiff] for rape . . ." and that Tulare County's hospital breached its duty of confidentiality by calling the police after Plaintiff checked into the hospital. (Doc. 1 at 3). As relief, Plaintiff seeks release from prison in addition to monetary damages. (Doc. 1 at 3). Plaintiff may not at this time bring a civil rights action arising from these events. Plaintiff's remedy regarding his conviction and sentence is to file a petition for writ of habeas corpus.[1]

Accordingly, after screening Plaintiff's complaint filed on May, 20, 2011, the Court HEREBY ORDERS that this action be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983. (Doc. 1). Since this action is dismissed, all pending motions in this action are DENIED as moot. (Doc. 2).

IT IS SO ORDERED.

**Dated:   May 24, 2011**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has once before had a case dismissed for being improperly brought as a section 1983 claim in *Hissong v. State of California, et al.*, 1:11-cv-00345-LJO-MJS (dismissed March 7, 2011, for failure to state a claim). As Plaintiff appears to be repeating the same error, the Court reiterates that Plaintiff needs to file this claim as a habeas action.